IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 02-399-2-JO |
| | ) | (Civil No. 04-1463-JO |
| v. | ) | |
| | ) | <u>O R D E R</u> |
| PATRICE LUMUMBA FORD, | ) | |
| | ) | |
| Defendant. | ) | |

    Charles F. Gorder, Jr.
    Pamala R. Holsinger
    David L. Atkinson
    UNITED STATES ATTORNEY'S OFFICE
    1000 S.W. Third Avenue, Suite 600
    Portland, OR 97204-2902

  Of Attorneys for United States of America

    Ernest Warren, Jr.
    Stuart A. Sugarman
    WALKER WARREN & WATKINS
    838 S.W. First Avenue, Suite 500
    Portland, OR 97204

  Attorneys for Defendant

JONES, Judge:

Patrice Lumumba Ford petitions this court for relief under 28 U.S.C. § 2255, claiming incompetence of his counsel during the plea and sentencing proceedings.

On October 16, 2003, defendant filed a plea petition to enter a plea of guilty to Count 1 of the Superseding Indictment, Conspiracy to Levy War Against the United States (18 U.S.C. § 2384). I accepted the plea agreement as proposed by the defendant and agreed to by the Government. All appeals were waived, with the exception of post-conviction allegations of incompetency of counsel. As noted at the time of the plea, I was surprised there was even that reservation because Mr. Ford had a prior appointed attorney who had represented Mr. Ford with phenomenal vigor and was replaced by a nationally recognized defense counsel with special competence working with Muslims. Ford, who himself is an extraordinarily bright individual, stipulated that there was "no applicable guideline" for a violation of 18 U.S.C. § 2384, but based upon the underlying facts in this case, the most analogous guideline for the offense was treason. At that time the defendant, defense counsel, the prosecutor, the presentence writer and the court all agreed that the most analogous guideline should be U.S.S.G. §2M1.1(a)(1) (treason).

The reason for this unanimous conclusion was that Ford admitted under oath that he voluntarily agreed with his co-conspirators that they would all leave the United States and travel overseas and fight in Afghanistan against the armed forces of the United States. Ford prepared himself for fighting such a war and traveled to China on his way to engage in such activity. Indeed one of his co-defendants, Al Saoub, did make it to Afghanistan and was purportedly killed in action fighting against this country's armed forces. Ford's acts were clearly tantamount to joining a conspiracy to wage war against U.S. troops in Afghanistan.

Simply stated, Ford pled guilty to the correct offense which mirrored his actual actions and intentions. In addition, the court sentenced Ford within that guideline to the exact time he requested this court to impose, namely 18 years followed by supervised release, which is the same sentence I would presently impose now that the guidelines are only advisory.

There is no evidence in this record that Mr. Ford suffered any "ineffective assistance of counsel" and received the sentence exactly as he and counsel requested this court to impose.

There is no merit to defendant's second amended petition (#469) pursuant to 28 U.S.C. § 2255. Thus, the second amended petition is denied and this action is dismissed.

DATED this 21st day of November, 2005.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge