IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PATRICE LUMUMBA FORD,   )
                        )
           Petitioner,  )   CASE NO. 3:02-CR-00399-JO-2
                        )
    v.                  )
                        )   OPINION
UNITED STATES OF AMERICA )
                        )
                        )
           Respondent.  )

JONES, Judge:

Petitioner Patrice Lumumba Ford ("Ford") moves the court to reduce his 18-year sentence for Conspiracy to Levy War against the United States. He claims that the court's ruling in *United States v. Booker*, 543 U.S. 220, 268 (2005), which held that sentencing guidelines were advisory rather than mandatory, allows for a reduced sentence under 18 U.S.C. § 3582. He also claims that his rehabilitation efforts while in prison should afford him a reduced sentence under *United States v. Pepper*, 562 U.S. 476 (2011). However, after construing the motion in a manner most favorable to the *pro se* defendant, I conclude the claims for relief lack merit and support. The motion is DENIED.

//

//

## BACKGROUND

In 2003, Ford pled guilty to Conspiracy to Levy War against the United States in violation of 18 U.S.C. § 2384. (#374). Because there are no U.S.S.G. guidelines for violations of 18 U.S.C.§ 2384, the parties agreed to adopt the sentencing guidelines for treason (U.S.S.G. § 2M1.1(a)(1)), which carries a Base Offense Level of 43. (#351, p. 5). The parties stipulated to a three level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. (#351, p. 5-6). The offense level was further reduced by three levels for conspiracy under U.S.S.G. § 2X1.1(b)(2), resulting in a Total Offense Level of 37 and a sentencing range of 210-262 months. (#351, p. 5-6). The parties agreed to recommend an 18 year sentence in the plea agreement, wherein Ford also waived his right to appeal as long as the sentence was below the statutory maximum of 20 years. (#351, p. 6-7). I adopted the 18 year sentence and rendered a final judgment on November 24, 2003. (#374, p. 1). Ford is currently serving his sentence at FCI Lompoc. (#533).

In 2004, Ford filed a § 2255 petition to vacate his conviction based on ineffective assistance of counsel. (#478). In denying Ford's § 2255 petition, I noted that the original 18 year sentence was "the same sentence I would presently impose now that the guidelines are only advisory." (#478, p. 3). The Ninth Circuit affirmed the denial on January 3, 2007. (#507). On December 16, 2015, the Defendant filed the current *pro se* motion for modification of sentence.

## LEGAL STANDARD

The court can only modify a final sentence in limited circumstances. 18 U.S.C. § 3582. One exception to the general rule of finality occurs when a sentencing range has been subsequently lowered by the Sentencing Commission and made retroactive under 18 U.S.C. § 3582(c)(2). In these cases, a court may reduce the term of imprisonment after considering

factors set forth in § 3553(a) and concluding that the reduction is consistent with applicable policy statements issued by the sentencing commission. *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). A court cannot consider post-sentencing evidence of the defendant's rehabilitation in order to downgrade the sentence unless the case has been set aside on appeal or is made available for resentencing. *Pepper*, 562 U.S. at 491; *United States v. Green*, 152 F.3d 1202, 1208 (9th Cir. 1998).

## DISCUSSION

### I. Modification of Sentence Under 18 U.S.C. §3582(c)(2)

As this is a *pro se* motion by the Ford, I construe the presented arguments in a light most favorable to him. *United States v. Seesing*, 234 F.3d. 456, 462 (2001). Here, it appears that Ford is petitioning for a reduced sentence under 18 U.S.C. § 3582(c)(2). The court can modify a sentence under § 3582(c)(2) if the sentencing range has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). *Seesing*, at 462. If the range has been lowered the court uses existing guidelines as a starting point before moving on to consider whether defendant's case should be exempt from guidelines by analyzing the factors outlined in § 3553(a). This process includes consideration of whether relevant, post-sentencing amendments to the U.S.S.G. should be applied retroactively in order to align the sentence with policy statements set out by the commission. *Seesing*, at 462. Ford asserts that U.S.S.G. amendments 506 and 507 should apply retroactively in his case, resulting in a reduced sentence.

However, Ford fails to recognize that he does not meet the prerequisite for application of 18 U.S.C. §3582(c)(2). Section 3582(c)(2) only applies to a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Here, the sentencing guideline

U.S.S.G. § 2M1.1(a)(1) (Treason) has not been lowered below Offense Level 43 (210-267 months) since his original conviction and sentencing under that guideline in 2003. U.S.S.G. § 2M1.1 (U.S. Sentencing Comm'n 2015). Similarly, the adjustments for acceptance of responsibility and conspiracy remain unaltered since 2003. U.S.S.G. § 3E1.1. (U.S. Sentencing Comm'n 2015); U.S.S.G. § 2X1.1(b)(2), (U.S. Sentencing Comm'n 2015). Thus, Ford is not eligible for a reduced sentence under §3582(c)(2).

Moreover, even if Ford met the precondition for the application of § 3582(c)(2), and the court considered whether any amendments could apply retroactively pursuant to § 3553(a), the amendments Ford turns to are inapplicable to his case. Specifically, amendment 506 only applies to individuals who received enhancements for past criminal records. U.S.S.G. App. C., Amend. 506. Ford, who did not have a criminal history, did not receive an enhanced sentence under these criteria. Similarly, amendment 567 applies to sentencing enhancements that affected career offenders. U.S.S.G. App. C., Amend. 567. Ford did not receive any career offender enhancements in his original sentence. He similarly cites the Commission's decision to apply amendments retroactively for mandatory minimum sentences for crack cocaine offenses. However, this decision only applied to those convicted for crack cocaine offenses, for which Ford was not charged or convicted. U.S.S.G §1B1.10; U.S.S.G §2D1.1 (commentary).

Ford's numerous references to mandatory and advisory guidelines lead me to conclude that he fundamentally believes that the Court's ruling in *Booker*, which changed the sentencing guidelines from mandatory to advisory, leaves the court free to modify his sentence. *Booker*, 543 U.S. at 268. However, subsequent holdings illustrate that while the guidelines are advisory, they still serve as the starting point for calculating sentences. *Pepper*, 562 U.S. at 494. There

remain only a limited number of instances when departures from the guidelines are permissible. *Pepper*, 562 U.S. at 494.

Ford relies on *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007) to support his position that this is an instance where the court should depart from the guidelines and modify his sentence. In *Hicks*, the court held that *Booker* would permit resentencing based on advisory, rather than mandatory, guidelines in sentence-modification proceedings. *Hicks*, 472 F.3d at 1172. However, Ford's reliance on *Hicks* is misplaced. In *Dillon*, the Supreme Court abrogated *Hicks* and held that *Booker* did *not* apply to sentence-modification proceedings, such as those Ford is requesting. *Dillon*, 560 U.S. at 829. Furthermore, in *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005), the Court held that 18 U.S.C. § 3582(c)(2) could not be retroactively applied to final judgements entered before the 2005 *Booker* decision. Since final judgment regarding Ford's sentence was entered in 2003, *Cruz* prohibits the court from applying § 3582(c)(2) retroactively. Moreover, when I denied Ford's § 2255 petition in 2005 I reiterated the fact that Ford's case should be exempt from the guidelines when I wrote that the 18-year sentence was "the same sentence I would presently impose now that the guidelines are only advisory." In short, the authority Ford relies upon is inapplicable to the facts of his conviction and sentencing and he fails to support his contention that the sentencing guidelines should not apply to his case. Accordingly, his sentence will not be reduced under 18 U.S.C. § 3582(c)(2).

## II. Modification of Sentence for Post-Sentence Rehabilitative Efforts

To support his petition for a reduced sentence, Ford presents evidence demonstrating that he engaged in substantial rehabilitative programming at FCI Lompoc. He claims his efforts allow the court to reduce his sentence under *Pepper*. In *Pepper*, the Court held that a district court could consider evidence of post-sentencing rehabilitation when a defendant's sentence is

set aside on appeal. *Pepper*, 562 U.S. at 491. Here, however, Ford's sentence was not set aside on appeal. Instead, the court entered a final sentencing judgement on November 24, 2003. Accordingly, *Pepper* proves inapplicable to Ford's case.

In short, Ford lacks any legal foundation to support his claims that his post-sentencing rehabilitative efforts should result in a reduced sentence. *See also Green*, 152 F.3d at 1208. (suggesting that it is inappropriate for the court to factor rehabilitative efforts into post-sentencing reductions when laws regarding the original offense had not been changed, as is true in this case). Ford's sentence will not be reduced.

## CONCLUSION

For the foregoing reasons, Ford's motion to modify and reduce his sentence is DENIED.

IT IS SO ORDERED.

DATED this 5th day of July, 2016.

```
_____
Robert E. Jones, Senior Judge
United States District Court
```